IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 64,849-01






EX PARTE TRACY RAY HASS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 039987-A

IN THE 15TH DISTRICT COURT OF GRAYSON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of burglary of a building, and punishment was assessed at fifteen years'
confinement. Applicant did not pursue an appeal.

 Applicant contends, inter alia, that he has been improperly denied 1,612 days credit
for time he was released on parole.

 The trial court has entered findings of fact or conclusions of law, however, we do not
believe that those factual findings are sufficient to completely resolve the issue presented. 
We believe that Applicant has alleged facts that, if true, might entitle him to relief. 
Therefore, it is this Court's opinion that additional facts need to be developed and because
this Court does not hear evidence, the trial court is the appropriate forum. The trial court
may resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it
shall order affidavits from the appropriate officials from Texas Department of Criminal
Justice - Correctional Institutions Division or Texas Department of Criminal Justice - Parole
Division, or it may order a hearing. In the appropriate case the trial court may also rely on
its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant has been improperly denied credit for the time he was released on
parole. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits or the transcription of the court reporter's
notes from any hearing, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF JUNE, 2006.

EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.